83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward A. ANVARI, Plaintiff-Appellant,
v.
Donna E. SHALALA,* Secretary Department of
Health and Human Services, Defendant-Appellee.
 No. 95-15147.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided April 25, 1996.
 
 Before: HUG, Chief Judge, and D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward A. Anvari appeals pro se the district court's grant of summary judgment in favor of defendant-appellee Department of Health and Human Services ("HHS") Secretary Shalala (the "Secretary"). Anvari complains of eight instances in which he was not selected for promotion at the Administration for Children and Families of the HHS; he contends that each instance of non-selection was discriminatory with respect to his race (white), gender (male) and national origin (Middle Eastern) and that each instance was a reprisal for previous complaints of discrimination. Because both parties are familiar with the factual and procedural background of this case, we do not repeat it here. We affirm the district court's grant of summary judgment in favor of the Secretary.
 
 
 3
 We review de novo a grant of summary judgment; viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Warren v. City of Carlsbad, 58 F.3d 439, 441 (9th Cir.1995).
 
 
 4
 We conclude that there are no genuine issues of material fact and affirm for the reasons stated in the district court's order of October 11, 1994. Because 29 C.F.R. § 1613 has been repealed since that order, we briefly supplement the order with a discussion regarding the propriety of applying that regulation to this case. In addition, we address Anvari's claim regarding the accuracy of the transcript of the hearing on the motion for summary judgment.
 
 
 5
 As an employee of HHS, Anvari was required to bring his complaints of retaliation and discrimination to the attention of an Equal Employment Opportunity Commission ("EEOC") Counselor "within 30 calendar days of the date of the alleged discriminatory event, the effective date of an alleged discriminatory personnel action, or the date that [Anvari] knew or reasonably should have known of the discriminatory event or personnel action." 29 C.F.R. § 1613.214(a)(1)(i) (repealed by 60 Fed.Reg. 43371 (1995)). Prior to its repeal, 29 C.F.R. § 1613 set forth procedures to be used by federal agencies and the EEOC for processing complaints of employment-related retaliation and discrimination filed before October 1, 1992; 29 C.F.R. § 1614 governs complaints filed after October 1, 1992. See 57 Fed.Reg. 12634 (1992). Anvari filed his complaint with the EEOC on December 11, 1991. Thus, the district court was correct in applying the former § 1613 to Anvari's claims.
 
 
 6
 Based on his recollection of the hearing on the motion for summary judgment, Anvari contends that there are discrepancies in the transcript. Presumably, Anvari's claim with respect to the alleged discrepancies is that the district court relied on an inaccurate transcript when it ruled on the motion for summary judgment. We decline to address the merits of this claim because Anvari has had the opportunity before this court to clarify his claims and eliminate any confusion that the allegedly inaccurate transcript may have visited upon the district court. Irrespective of the transcript's accuracy, Anvari fails to raise any genuine issues of material fact.
 
 
 7
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant. Although the Secretary of Health and Human Services was responsible for the actions of the Social Security Administration at the time of its final decision in this case, we refer to the defendant as "the Commissioner" throughout this disposition for the sake of convenience
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3